NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR EDUARDO RAMIREZ-RAYMUNDO,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 21-246<br><br>Agency No.<br>A208-580-224<br><br>MEMORANDUM[*] |

On Petition for Review from a Final Order
Of the Board of Immigration Appeals

Submitted June 8, 2023[**]
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON,[***] District Judge.

Edgar Eduardo Ramirez-Raymundo ("Ramirez-Raymundo"), a native and

citizen of Guatemala, seeks review of the Board of Immigration Appeals' ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

decision affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review agency denials of asylum, withholding of removal, and CAT claims for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We also review the BIA's factual determinations—including its nexus finding—for substantial evidence. *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018). Additionally, "[w]here the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021) (internal quotation marks omitted) (quoting *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)).

Ramirez-Raymundo alleges that the "maras" (local criminals) persecuted him because they believed he was wealthy. In denying his application for asylum and withholding of removal, the IJ found Ramirez-Raymundo credible, but concluded that he failed to show a nexus between the alleged persecution and his membership

in the proposed particular social group of "agricultural landowners." The BIA affirmed the IJ's decision and adopted its nexus finding.[1]

Substantial evidence supports the BIA and IJ's finding that Ramirez-Raymundo failed to establish a nexus. Ramirez-Raymundo testified that the maras targeted him to extort money. Nothing in the record compels the conclusion that the maras were motivated by a hostility to "agricultural landowners" or a desire to harm that particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").[2]

Substantial evidence also supports the BIA and IJ's denial of relief under CAT. To be eligible for CAT relief, a petitioner "must show that it is 'more likely than not' that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (quoting *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir. 2001)). In this case, there is no evidence that the "instances of general

---

[1] Because the BIA did not disturb the IJ's credibility finding or dispute that "agricultural landowners" is a cognizable social group, we do not review these aspects of the agency's decision. *Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013).

[2] Other statements by Ramirez-Raymundo, although not explicitly relied on by the agency, also support the agency's finding on the lack of nexus. For example, Ramirez-Raymundo testified that the maras also extorted people who did not own land and that they told him that he could "pay" by joining them.

crime" described by Ramirez-Raymundo rose to the level of "torture." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022).

**PETITION DENIED.**